**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| DENISE COLON,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants | ) | Case No.<br><br><br>**COMPLAINT** |

## INTRODUCTION

1. DENISE COLON (Plaintiff) brings this action to secure redress from Defendants EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) Defendant's corporate headquarters is within this district and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual residing in Marlborough, MA.

5. Defendant Experian is a business entity with its headquarters in Costa Mesa, CA. At all relevant times herein, Defendant was an entity which, for monetary fees, dues, or on a

cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

7. Plaintiff is informed and believes and on that basis alleges that Defendant is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant, or as its agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS

8. Within the last two (2) years, Defendant has furnished false and inaccurate credit information to the credit bureaus regarding the character, amount and legal status of an alleged debt which Plaintiff does not owe.

9. Plaintiff is a victim of identity theft. Someone other than Plaintiff made fraudulent charges on a Discover account using Plaintiff' PII without Plaintiff' knowledge, consent or authorization.

10. Plaintiff has sent disputes to the major national credit bureaus regarding the false and inaccurate credit information listed supra, as well as an identity theft report and a police report.

11. On information and belief, upon receipt of Plaintiff's disputes, the credit bureaus sent automatic customer dispute verification forms to Defendant informing it that Plaintiff was disputing Defendant's credit-reporting of their accounts on their credit files.

12. Defendant nonetheless denied Plaintiff's disputes and continued to claim money owed by Plaintiff in connection with the transaction(s) procured through identity theft.

13. As of the date of the filing of this complaint, Defendant continues to report the inaccurate information on Plaintiff' credit files.

14. Despite Plaintiff's exhaustive efforts to date to remove this erroneous information, Defendant has nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to include accurate information, and has continued to correct the inaccurate information being furnished about Plaintiff.

15. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff' great detriment and loss.

16. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, loan denial and loss of credit opportunity, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff' great detriment and loss.

17. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered a decreased credit score as a result of the negative entries appearing on Plaintiff' credit file, which has hindered and harmed his ability to obtain credit, and diminished their existing and future creditworthiness.

18. As a direct and proximate result of Defendant's above-referenced willful and/or negligent violations of the law, Plaintiff has suffered actual damages including, but not limited to, reviewing credit reports, attorney's fees, and such further expenses in an amount to be determined at trial.

## <u>FIRST CAUSE OF ACTION</u>

**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.**

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. The FCRA requires a furnisher such as Respondent after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all

relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

21. Within the last two years, Respondent provided inaccurate information to the credit reporting agencies regarding Claimant.

22. Within the past two years, Claimant notified the credit reporting agencies that his credit reports concerning Respondent's trade-line was inaccurate. Thereafter, the credit reporting agencies notified Respondent that Claimant was disputing the information Respondent had furnished to them.

23. Respondent violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s-2(b):

a. willfully and negligently failing to conduct an investigation of the inaccurate information that Claimant disputed;

b. willfully and negligently failing to review all relevant information concerning Claimant's account provided to it;

c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

d. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Claimant;

f. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Claimant to credit reporting agencies;

g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Claimant's account to credit reporting agencies; and h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

24. In attempting to collect the aforementioned alleged debt, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Claimant to one or more consumer reporting agencies notwithstanding the fact that Respondent knew, or consciously avoided knowing, that such information was inaccurate.

## PRAYER FOR RELIEF

WHEREFORE, Claimants pray for judgment as follows:

25. an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C § 1681(n);

26. an award of statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o);

27. an award of punitive damages under 15 U.S.C § 1681(n) and 1681(0);

28. an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692;

29. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: July 15, 2026 Respectfully submitted,

*/s/ Derek H. DePetrillo*
Derek H. DePetrillo, BBO: 670303
Consumer Rights Law Firm, PLLC
133 Main Street, 2nd Floor
North Andover, MA 01845
Telephone: (978) 212-3300
Facsimile: (888) 712-4458
attorneyderekd@consumerlawfirmcenter.com